**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| WILSON SONTAY PEREZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03373-SHL-atc |

**ORDER DIRECTING RESPONSE**

Before the Court is Petitioner Wilson Sontay Perez's Petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed October 16, 2026. (ECF No. 1). Respondent filed a Response on October 22, 2026. (ECF No. 7.) Petitioner replied on October 29, 2026. (ECF No. 10.)

For the reasons stated below, Respondent is **ORDERED** to respond to Petitioner's reply (ECF No. 10), on or before November 6, 2026.

**BACKGROUND**

Petitioner is a noncitizen and national of Guatemala who entered the United States on or about March 2014. (ECF No. 1 at PageID 10; ECF No. 7-1 at PageID 83.) On March 12, 2014, Petitioner was issued an Order of Removal, which found that he illegally entered the United States and ordered his departure. (ECF No. 7-2 at PageID 85.) Instead of departing, Sontay Perez remained in the interior of the U.S. and was encountered by immigration officials on October 13, 2026. (ECF No. 1 at PageID 14.) Petitioner was then taken into custody and processed as a reinstatement of a prior order of removal. (ECF No. 7 at PageID 79.) Petitioner was initially held at the West Tennessee Detention Facility, before his transfer to the River

Correctional Center in Ferriday, Louisiana. (ECF No. 7-3 at PageID 87.) The transfer occurred before this Court's Order Staying Transfer. (ECF No. 5.)

## ANALYSIS

Respondent argues that Petitioner is lawfully detained under 8 U.S.C. § 1231 because he is subject to a final order of removal. (ECF No. 7 at PageID 79.) Additionally, Respondent contends that this Court lacks subject matter jurisdiction under 8 U.S.C. § 1252(g). (Id. at PageID 80.)

Petitioner "withdraws the claim in his Petition that rest on 8 U.S.C. § 1225(b)(2)(A) and § 1226(a) and on his eligibility for a bond hearing," and instead maintains that he was unlawfully arrested in violation of the Fourth Amendment. (ECF No. 10 at PageID 95.) Petitioner argues that he was stopped by law enforcement solely because of his perceived race, although Respondent maintains that his arrest was the result of "a targeted enforcement operation." (Id. at PageID 96; ECF No. 7 at PageID 79.) As to his final order of removal, Petitioner "does not seek to . . . bar reinstatement of his removal order." (ECF No. 10 at PageID 95 n.1.)

A. Jurisdiction

Under 8 U.S.C. § 1252(g)

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

This provision is interpreted narrowly and does not remove jurisdiction for "all claims arising from deportation proceedings." Campos-Rios v. Blanche, No. 3:26CV00640, 2026 WL 1361650, at *9 (N.D. Ohio May 15, 2026) (quoting Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)). Although immigration-related detention "is technically

related to the attorney general's decision to commence proceedings, that technical relation is insufficient to trigger § 1252(g)." Id. (citation omitted). Therefore, because Petitioner challenges his detention, as opposed to his removal, jurisdiction is proper. Id. (citing Elgharib v. Napolitano, 600 F.3d 597, 605 (6th Cir. 2010)).

B. Fourth Amendment

Petitioner asserts that habeas relief is available because his arrest violated the Fourth Amendment, when he was stopped solely because of his perceived race. (ECF No. 10 at PageID 96.) This description conflicts with Respondent's assertion that Petitioner's arrest stemmed from a "targeted enforcement operation" and prior record checks that confirmed, before his arrest, that Petitioner was "an [unlawfully] [present] [non-citizen] with a prior expedited removal [order]." (ECF No. 7 at PageID 79; ECF No. 7-1 at PageID 83.) Additionally, although he was apprehended without a warrant, Petitioner concedes that a warrantless interior arrest is permissible if officers have reason to believe a non-citizen is unlawfully present and likely to escape before a warrant can be obtained. (ECF No. 10 at PageID 98 (citing 8 U.S.C. § 1357(a)(2)).)

Respondent's filings do not appear to satisfy the warrant exception under 8 U.S.C. § 1357(a)(2). As other courts have observed, § 1357(a)(2) requires a particularized determination that includes a consideration of "whether the noncitizen attempted to evade officers, answered officers' questions without incident, maintained stable employment or a residence, and had a known criminal history." Alcorta v. Monroe Cnty. Jail, No. 26-CV-11486, 2026 WL 3083997, at *4 (E.D. Mich. Oct. 15, 2026) (citing United State v. Pacheco-Alvarez, 227 F. Supp. 3d 863, 889–90 (S.D. Ohio 2016)).

Although Petitioner previously raised the Fourth amendment, and his warrantless arrest, the thrust of his Petition focused on 8 U.S.C. § 1225(b)(2)(A) and § 1226(a). Consequently, Respondent's Response does not address the Fourth amendment issues raised in Petitioner's Petition and developed more fully in his reply. Therefore, a further response from Respondent on the legality of Petitioner's arrest under the Fourth Amendment would help the Court rule on the Petition.

Additionally, while Respondent represents that Petitioner is subject to a reinstated final order of removal, there is no reinstatement order in the record. The removal order is dated March 2014, and, while reinstatement is automatic when an individual unlawfully reenters the U.S., Petitioner maintains that he has remained in the interior of the country since his final order of removal.

Therefore, Respondent is **ORDERED** to file a response that addresses the arguments raised in Petitioner's Reply, as well as the propriety of Petitioner's removal order. Respondent shall file its response no later than November 7, 2026.

**IT IS SO ORDERED**, this 30th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE