**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| WILSON SONTAY PEREZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br>Respondent. | No. 2:26-cv-03373-SHL-atc |

**ORDER DISMISSING PETITION**

Before the Court is Petitioner Wilson Sontay Perez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed October 16, 2026. (ECF No. 1). Respondent filed a Response on October 22, 2026. (ECF No. 7.) Perez replied on October 29, 2026. (ECF No. 10.) Perez's reply prompted this Court to direct Bullock to respond, which he did on November 6, 2026. (ECF No. 12.)

For the reasons stated below, Perez's Petition is **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

Petitioner is a noncitizen and national of Guatemala who entered the United States in February 2014. (ECF No. 1 at PageID 10; ECF No. 7-1 at PageID 83.) On March 12, 2014, Petitioner was issued an Order of Removal, which found that he illegally entered the United States and ordered his departure. (ECF No. 7-2 at PageID 85.) Immigration officials effectuated Perez's removal. (See ECF No. 12-1 (Verification of Removal document which contains Perez's photograph, thumbprint, signature, and states that he departed March 14, 2014, on a flight from

Brownsville, Texas).) Perez's departure verification form states that he was prohibited from entering the U.S. for a period of five years after his March 14, 2014, departure. (Id.)

Despite the removal order, Perez reentered the U.S. in April 2014. (ECF No. 1 at PageID 13.) On October 13, 2026, immigration officials were conducting a targeted enforcement operation in Franklin, TN, when they observed a vehicle exiting their surveillance area. (ECF No. 7-1 at PageID 83.) Officers connected the vehicle to Perez and confirmed, based on prior record checks, that Perez was an unlawfully present noncitizen subject to a prior expedited removal order. (Id.) Because Perez was driving a vehicle, officers decided to arrest him without a warrant. (Id.)

Perez was then taken into custody and processed as a reinstatement of a prior order of removal. (ECF No. 7 at PageID 79.) He was initially held at the West Tennessee Detention Facility, before his transfer to the River Correctional Center in Ferriday, Louisiana. (ECF No. 7-3 at PageID 87.) The transfer occurred before this Court's Order Staying Transfer. (ECF No. 5.)

## ANALYSIS

Petitioner "withdraws the claim in his Petition that rest on 8 U.S.C. § 1225(b)(2)(A) and § 1226(a) and on his eligibility for a bond hearing," and instead maintains that he was unlawfully arrested in violation of the Fourth Amendment. (ECF No. 10 at PageID 95.) Petitioner argues that he was stopped by law enforcement solely because of his perceived race, although Respondent maintains that his arrest was the result of "a targeted enforcement operation." (Id. at PageID 96; ECF No. 7 at PageID 79.) As to his final order of removal, Petitioner "does not seek to . . . bar reinstatement of his removal order." (ECF No. 10 at PageID 95 n.1.)

Bullock argues that Perez's warrantless arrest was permissible under 8 U.S.C. § 1357(a)(2), which allows immigration officials to effectuate a warrantless arrest of an unlawfully

present non-citizen under certain circumstances. Additionally, Bullock argues that, even if there was a problem with Petitioner's initial arrest, habeas review only extends to the basis for a petitioner's current detention. As to Perez's final order of removal, Bullock submits a notice of intent to reinstate Perez's prior order of removal.

Bullock is correct that habeas review covers Perez's current basis for detention, not his purportedly unlawful arrest. Habeas proceedings challenge whether a petitioner's present detention is lawful. United States ex rel. Bilokumsky v. Todd, 263 U.S. 149, 158 (1923) (citation omitted). As other courts in the Sixth Circuit have observed, "[e]ven if . . . [a] [petitioner] [was] seized in violation of the Fourth Amendment, that is not [necessarily] a basis of habeas relief." Ramirez v. Fields, No. 26-295-DLB, 2026 WL 2446632, at *2 (E.D. Ky. Aug. 20, 2026) (citing Benavides v. Raycraft, No. 1:26-cv-652, 2026 WL 972714, at *2 (W.D. Mich. Apr. 10, 2026)). Even if Perez's allegation is true, that his "arrest ran afoul of the Fourth Amendment[,]" habeas relief is unavailable if Bullock has a lawful basis to detain him. Id. (citing Salazar v. Noem, No. 4:26-cv-3045, 2026 WL 458304, at *4 (D. Neb. Feb. 18, 2026)).

Indeed, Bullock has a legal basis to detain Perez: the reinstated removal order. When a noncitizen reenters the U.S. illegally after removal or voluntary departure under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed. 8 U.S.C. § 1231(a)(5). And while reinstated removal orders come with certain procedural requirements, see 8 C.F.R. § 241.8, those requirements were satisfied when Perez was issued a Notice of Intent/Decision to Reinstate Prior Order of Removal signed by an immigration official, and which he did not contest. Additionally, Perez "does not seek to . . . bar reinstatement of his removal order." (ECF No. 10 at PageID 95 n.1.)

Once reinstated, a prior removal order enables detention for ninety days following entry of the order and continued detention for up to six months. See Gonzalez Lopez v. Wesling, 828 F. Supp. 3d 284, 289 (D.R.I. Feb. 5, 2026) ("Once the prior order has been reinstated, DHS must remove the noncitizen within a 90-day "removal period.") (citation omitted); see also Douglas v. Lynch, No. 1:26-cv-2632, 2026 WL 3326695, at *2 (W.D. Mich. Nov. 4, 2026) (applying the six-month detention rule from Zadvydas v. Davis, 533 U.S. 678, 701 (2001), to reinstated removal order). Because Petitioner's approximately one-month detention is, so far, within the six-month presumptively reasonable period of detention under Zadvydas, based on the information presently before the Court, the Petition is **DISMISSED WITHOUT PREJUDICE**.

If, however, the United States does not remove Petitioner after six months of detention, a subsequent habeas petition may have a different result.

**IT IS SO ORDERED**, this 9th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE